UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

SHAWN M. RHODES,

    Plaintiff,

v.                                                                                          Hon. Paul L. Maloney

JACOB WEST,                                                                    Case No. 1:21-cv-00995

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, a resident of Vernon, Alabama, initiated this matter on November 23, 2021, against Honorable Jacob West, District Court Judge for the 24th Judicial Court of Alabama. Plaintiff requests that this Court overturn Defendant West's order of unknown date "that went against State and Federal and Civil and the ADA." (ECF no. 1 at PageID.2.) The order, as I interpret Plaintiff's allegations, awarded custody of Plaintiff's putative child to another individual in a paternity action. (*Id.* at PageID.2–3.) Having granted Plaintiff's motion to proceed as a pauper, I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this initial review, I conclude that Plaintiff's complaint must be dismissed because it is barred by the *Rooker-Feldman* doctrine and, therefore, is legally frivolous.

The *Rooker-Feldman* doctrine has its roots in the Supreme Court's decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and provides that lower federal courts are without authority to review final judgments of state courts in judicial proceedings. This is because "only the Supreme Court of the United States has the jurisdiction to review state court decisions." *Coleman v. Governor of Mich.*,

413 F. App'x 866, 870 (6th Cir. 2011) (citing *Rooker*, 263 U.S. at 416); *see also Givens v. Homecomings Fin.*, 278 F. App'x 607, 608–09 (6th Cir. 2008). The Supreme Court has clarified the scope of the doctrine, confining it to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In light of *Exxon Mobil*, the Sixth Circuit "distinguishe[s] between plaintiffs who bring an impermissible attack on a state court judgment—situations in which *Rooker-Feldman* applies—and plaintiffs who assert independent claims before the district court—situations in which *Rooker-Feldman* does not apply." *Kovacic v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010).

Here, Plaintiff's complaint falls into the former group of cases—an impermissible attack on a state-court judgment. Plaintiff explicitly requests that this Court "over turn" Defendant West's order and hold an emergency hearing to "remove the order from Alabama done by Judge Jacob West and return my son." (ECF No. 1 at PageID.2-3.) In short, Plaintiff is asking this Court to act as an appellate court to review Defendant West's order. However, it is well established that there is no federal jurisdiction when, as here, "the claim is 'a specific grievance that the law was invalidly—even unconstitutionally—applied in the plaintiff's particular case.'" *Loriz v. Connaughton*, 233 F. App'x 469, 474 (6th Cir. 2007) (quoting *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002)).

Because a claim barred by the *Rooker-Feldman* doctrine is legally frivolous, *see Alpern v. Lieb*, 38 F.3d 933, 934–35 (7th Cir. 1994), dismissal pursuant to 28 U.S.C. § 1915(e)(2) is appropriate. *See Parker v. Phillips*, 27 F. App'x 491, 493–94 (6th Cir. 2001) (holding action to be frivolous under Section 1915(e) where one ground for dismissal is *Rooker–Feldman*).

## CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's complaint be **dismissed**. The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1961), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date:  November 30, 2021                                /s/ Sally J. Berens
                                                                               SALLY J. BERENS
                                                                               U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).